# EXHIBIT 1

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Delaware

In re: Application of Victor Andres Vargas and Pablo Gutierrez, and Santorini Capital, LLC, for an Order pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery for Use in a Foreign Proceeding

*Plaintiff*

v.

*Defendant*

Civil Action No.

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Merama Holdings, LLC and Merama Inc.
251 Little Falls Drive
Wilmington, DE 19808

*(Name of person to whom this subpoena is directed)*

☑ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Arnold & Porter Kaye Scholer LLP<br>250 West 55th Street<br>New York, NY, 10019-9710 | Date and Time:<br>09/20/2023 10:00 am |
|---|---|

The deposition will be recorded by this method: video and stenographer

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See attached Schedule A

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 8/15/23

*CLERK OF COURT*

OR

S. Mark Hurd

*Signature of Clerk or Deputy Clerk* | *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Petitioner, Victor Andres Vargas and Pablo Gutierrez, and Santorini Capital, LLC , who issues or requests this subpoena, are:

S. Mark Hurd (shurd@morrisnichols.com), Morris, Nichols, Arsht & Tunnell LLP, 1201 N. Market St. #1600, Wilmington, DE, 19801, (302) 351-9354, and Marcus Asner (marcus.asner@arnoldporter.com), Arnold & Porter Kaye Scholer LLP, 250 West 55th St, New York, NY 10019, (212) 836-8000

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No.

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________
on *(date)* ____________ .

❒ I served the subpoena by delivering a copy to the named individual as follows: ______________
______________________________________________
______________________________ on *(date)* ____________ ; or

❒ I returned the subpoena unexecuted because: ______________________
______________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of
$ ______________ .

My fees are $ ____________ for travel and $ ____________ for services, for a total of 0.00

regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

**(i)** is a party or a party's officer; or

**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**

The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

## DEFINITIONS

1. The meaning of all non-defined terms shall be in accordance with their ordinary and accepted usage.

2. "You" and "Your" mean Merama Holdings, LLC ("Merama Holdings") and Merama Inc.

3. "Person" means any natural person or entity, including any association, committee, community group, company, trust, firm, partnership, joint venture, corporation, agency, department, bureau, board, state, local or federal government and subdivisions, or any other legal or business entity.

4. "Merama" means Merama Holdings and Merama Inc. and any present or former agents, principals, owners, directors, beneficiaries, subsidiaries, affiliates, representatives, attorneys, counsel, employees, and all other Persons acting or purporting to act on Merama's behalf, including, but not limited to, You, Merama Growth de S.A. de C.V. ("Merama Growth"), Merama Operativa Chile Uno SpA, Merama Operative Chile Dos SpA, Merama Operativa Chile Tres SpA, Merama Cuatrio Holding LLC, Meramak Incorporated, Sujay Tyle, Felipe David Delgado, Salvador Gallo, Domingo Cruzat, Eloy Cantú Pérez de Salazar, Manuel José León, Joaquín Caride, Daniel Borda, Gonzalo Cavanagh, Javier Blaustein, Vicente Rodriguez, Julio Olvera, Pablo Raventos, Ignacio Nart, Cristian Salinas, Olivier Scialom, Ivan Querzola, Constanza Arriagada, Constanza Macaya, Gilberto Aguila, Nicola Varsi, Jenzent Jarillo, Sofía Sanchez, Miguel Ramírez, Areli Resendiz, Juan Ricardo Caceres, Facundo Olavarria, Daniela

García, Pedro Salinas, Hugo Fonseca, Arthur Ampen, Carolina Franco, and/or García Cabrera Contadores.

5. “Congming” means Congming Limited and any present or former agents, principals, owners, directors, beneficiaries, subsidiaries, affiliates, representatives, attorneys, counsel, employees, and all other Persons acting or purporting to act on Congming’s behalf, either directly or indirectly.

6. “Petitioners” means Victor Andres Vargas, Pablo Gutierrez, and Santorini Capital, LLC.

7. “Line of Credit" means the $6,000,000 United States Dollars (“USD”) line of credit memorialized in the June 14, 2022 Shareholder’s Agreement and/or other documents presented and signed on June 14, 2022, between Merama, Congming, and the Petitioners.

8. “Promissory Note System” means the system used by Merama to finance and secure financing to Congming for operational expenses.

9. “The BCI Miami Account” means the bank account used by Congming for operational expenses prior to and after Merama’s acquisition of Congming.

10. “The JP Morgan Account” means the bank account opened by Merama and used to issue funds for Congming’s operational expenses.

11. “Beneficial Owner” shall mean any of the following:

a. Each person, if any, who, directly or indirectly, through any contract, arrangement, understanding, relationship or otherwise, owns 25 percent or more of the equity interests of a legal entity;

b. Each individual with significant responsibility to control, manage, or direct a legal entity, including:

i. An executive officer or senior manager (*e.g.*, a Chief Executive Officer, Chief Financial Officer, Chief Operating Officer, Managing Member, General Partner, President, Vice President, or Treasurer); or

ii. Any other individual who regularly performs similar functions to any office identified in this ¶ 11(b)(i);

c. Each trustee, grantor, beneficiary or protector, and each other person designated by a trust instrument to receive any distribution (whether or not in the discretion of a trustee), make any appointment, or manage or control the management of any asset of a trust; or

d. Each person who, by assignment, pledge, gift, contract, or otherwise, holds any contract or property interest in the claims asserted in the Chilean criminal proceedings.

12. "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a), and includes, without limitation, all written or graphic matter or any other means of preserving thought or expression of every type and description regardless of origin or location, whether written, recorded, transcribed, taped, punched, filmed, microfilmed, or in any other way produced, reproduced or recorded, and including, but not limited to: originals, drafts, computer-sorted and computer-retrievable information, copies or duplicates that are marked with any notation or annotation, copies or duplicates that differ in any way from the original, correspondence, memoranda, reports, notes, voice-notes, videos, meeting

minutes, board resolutions, contracts, agreements, books, records, checks, vouchers, invoices, purchase orders, ledgers, diaries, logs, calendar notes, computer printouts, computer disks, card files, lists of persons attending meetings or conferences, sketches, diagrams, calculations, evaluations, analyses, directions, work papers, press clippings, sworn or unsworn statements of employees, requisitions, manuals or guidelines, audit work papers, financial analyses, tables of organizations, charts, graphs, indices, advertisements or other promotional materials, audited and unaudited financial statements, trade letters, trade publications, letters, newspapers or newsletters, diagrams, photographs, e-mail, electronic/cellular messaging, text messages, messages sent by an electronic messaging service (*e.g.*, Slack, WhatsApp, Signal, Telegram, etc.), electronic or mechanical records, telegrams, telecopies, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, summaries of or records of interviews conducted by investigators, summaries or reports of investigations or negotiations, opinions or reports of consultants, any marginal comments appearing on any document, audiotapes, videos, videotapes and all other receptacles or repositories housing or containing such Documents, and all other media used to record, in any form, information. "Document" expressly includes all electronic data stored on any electronic media. A draft or non-identical copy is a separate Document within the meaning of this term.

13. "Communication" means any manner of transmitting or receiving information of any kind, to or from a Person, whether oral, electronic, or written, in the form of a Document, or otherwise, including, but not limited to, emails and text messages, and any Document recording or reflecting such a Communication (call logs, etc.).

14. "Concerning" means directly or indirectly, in whole or in part, relating to, referring to, pertaining to, involving, describing, discussing, evidencing, constituting, containing, embodying, reflecting, memorializing, identifying, stating, evidencing, dealing with, summarizing, or explaining.

15. "Related to" means in relation to, related to, consisting of, referring to, reflecting, concerning, discussing, evidencing, commenting on, supporting, contradicting or having any logical or factual connection with the matter identified, in whole or in part.

16. "Relevant Time Period" means the period from January 1, 2022, to the present time, and shall include Documents and information that refer or relate to such a period, even though prepared or published outside the Relevant Time Period.

**INSTRUCTIONS**

1. References to the singular shall include the plural and references to the plural shall include the singular, as the context requires.

2. The words "and" and "or" shall be construed either disjunctively or conjunctively so as to bring within the scope of these requests any information which might otherwise be construed to be outside their scope.

3. In no instance shall the term "including" be construed to limit the scope of any request.

4. In responding to the following document requests (the "Requests"), You shall provide all responsive Documents in Your possession, custody, or control, including information in the possession, custody, or control of Your present or former agents, representatives, external consultants, and attorneys.

5. If a Document responsive to any of the Requests is no longer in Your possession, custody, or control, state what disposition was made of the Document and the date of such disposition, and Identify all Persons having knowledge of the Document's contents.

6. Produce Documents as they are kept in the usual course of business.

7. Produce entire Documents, without redaction, including all transmittal sheets, cover letters, exhibits, attachments, appendices, or enclosures. When a Document is only in part responsive to any request herein, it shall nevertheless be produced in its entirety. If Documents that are produced are normally kept in a file or other folder, that file or folder must also be produced.

8. If any Document responsive to any of these Requests is withheld or redacted based on a claim of privilege, work-product protection, or other immunity from disclosure, furnish a log identifying any such Document together with the following information: (i) the type of Document; (ii) a description of the general subject matter of the Document in a manner sufficient to support the claim of privilege, immunity, or work-product protection; (iii) the date of the Document; (iv) the Person(s) in receipt of the Document or, for oral communications, the Person(s) present during the communication; (v) the Person(s) who authored or created the Document or, for oral communications, the Person(s) who made the communication; (vi) the Person(s) to whom such Document was addressed or directed, or for oral communications, was made; (vii) where not apparent from the Document, the relationship of the author, addressees, recipients, or for oral communications, those present to the Person making the oral communication; (viii) the nature of the privilege, immunity, or work-product doctrine claimed and the specific reason why the Document is not being produced; and (ix) the same information

referenced in (i) through (viii) above for each enclosure or attachment to each listed Document if the enclosure or attachment is also withheld from production.

9. If it is not possible to produce any Document called for by a particular request, state specifically the reasons for the failure to produce the Document. If You object to any portion of a request, state with specificity all grounds for the objection and produce all Documents responsive to the non-objectionable scope of the request.

10. If a Document responsive to any of the Requests has been destroyed, identify the Document, and provide the date of such destruction and the name of the person(s) who destroyed the Document and/or ordered or authorized such destruction.

11. Petitioners request that, to the extent possible, all electronic documents be produced in their native format and/or as TIFs and include metadata. If data is converted to TIFs from native format, Petitioners request that You retain all metadata—including, but not limited to, the date of the Documents, the author of the Documents, the recipients of the Documents, and the type or format of the Documents—in a usable load file.

12. This Subpoena is continuing, and to the extent that You subsequently acquire Documents that would supplement Your responses to this request, Petitioners request that You timely serve supplemental responses pertaining to this Subpoena and produce such Documents.

13. In responding to these Requests, You shall produce all responsive Documents available at the time of production and You shall supplement your responses as required by Fed. R. Civ. P. 26(e).

**DOCUMENTS REQUESTED**

Pursuant to Fed. R. Civ. P. 26, 34 and 45, and in accordance with the Definitions and Instructions set forth above, Petitioners hereby request that You produce the following Documents in Your possession, custody or control, in accordance with the requirements of this Subpoena:

1. All Communications between Petitioners and Merama and all Documents concerning or recording such Communications.

2. All Documents, including Communications internal to Merama or with any other Person, concerning Petitioners.

3. All Documents, including Communications internal to Merama or with any other Person, concerning Congming including, but not limited to, the acquisition of, decision to acquire, and strategy to acquire Congming.

4. All Documents, including Communications internal to Merama or with any other Person, concerning Merama's plan to acquire the remaining 45% of Congming.

5. All Documents, including Communications internal to Merama or with any other Person, concerning Merama's strategy with respect to Congming's clients, retained before the acquisition, and strategies relating to acquire and/or retain those clients for Merama.

6. All Documents, including Communications internal to Merama or with any other Person, concerning Merama's plans with respect to the future of Congming.

7. All Documents, including Communications internal to Merama or with any other Person, concerning Merama's plans for Petitioners' roles within Merama or relating to Merama.

8. All Documents, including Communications internal to Merama or with any other Person, concerning Merama's plan for Congming's China office within Merama or relating to Merama.

9. All Documents relating to Merama's due diligence evaluation, including the methods and processes used to arrive at the new price evaluation for the revised purchase price offer for Congming, and all financial and legal reports relating to the evaluation.

10. All Communications between Merama and Merama-appointed Congming employees, including directors, principals and alternates relating to Congming.

11. All Documents concerning Merama-appointed Congming employees including, but not limited to, employment contracts, outline of role(s), and salary information.

12. All Communications relating to the effort to expand Congming business operations in Latin America including, but not limited to, Mexico.

13. All Communications relating to the integration of Congming and Merama after Merama's acquisition of Congming, including but not limited to, Communications regarding Congming's historical practices and sales methods.

14. All Documents concerning Congming, including but not limited to, its agreements, term sheets, memoranda, loan documents or correspondence reflecting any debt or guarantee, credits and/or loans between Congming and any party, all powers and powers of attorney granted by Congming to any Person, and all board material and senior management material or any other Documents provided, considered, discussed, prepared, or disseminated in draft or final form at, in connection with, in anticipation of, or as a result of any meeting of the Board of Directors of Congming or any regular or specially created committee thereof, including

but not limited to, all presentations, charts, transcripts, notes, meeting minutes, exhibits, and videos.

15. All Documents concerning monthly, quarterly, and annual financial statements including, but not limited to updates, appraisals, balance sheets, income statements, cash flow statements, forecasts, projections, budgets, estimates, and statements of changes in the financial condition of Congming.

16. All Documents, including Communications internal to Merama or with any other Person, relating to any Congming client.

17. All Documents, including Communications internal to Merama or with any other Person, concerning the Line of Credit.

18. All Documents, including Communications internal to Merama or with any other Person, concerning a $6,000,000 USD loan or guarantee to Congming by any Person.

19. All Documents concerning Merama Growth, including but not limited to, its corporate chart, board and committee meeting minutes, records of action taken by written consent or considered in connection with board or committee meetings, bylaws, funding, agreements, terms sheets, memoranda, documents concerning powers of attorney granted by Merama Growth, loan documents or correspondence reflecting any debt, credits and/or loans between Merama Growth and any party.

20. All Documents, including Communications internal to Merama or with any other Person, concerning the $412,000 USD loan to Congming by Petitioners and its subordination.

21. All Documents, including Communications internal to Merama or with any other Person, concerning any personal guarantee to Congming.

22. All Documents, including Communications internal to Merama or with any other Person, relating to Congming's BCI Miami Account.

23. All Documents, including Communications internal to Merama or with any other Person, relating to the JP Morgan Account.

24. All Documents, including Communications internal to Merama or with any other Person, relating to the Promissory Note System including, but not limited to, promises, offers, or actual loans of money from Merama (including Merama Growth) to Congming.

25. All Documents relating to the December 2, 2022 Congming Board of Directors' Meeting including but not limited to, presentations, list of attendees, meeting minutes, and summaries and attachments circulated before and after the meeting.

26. All Documents relating to the February 20, 2023 meeting between Merama Congming including but not limited to, presentations, list of attendees, meeting minutes, and summaries and attachments circulated after the meeting.

27. All Communications relating to Merama's request for information from Congming employees and suppliers including, but not limited to, requests for access to email accounts.

28. All Communications between Congming and Merama concerning Congming's new clients in Mexico including but not limited to, updates, budget proposals, estimates, operational and business information, requests for financing, and strategy for business growth.

29. All Documents concerning pending litigations against Merama.

30. All Documents concerning the companies that Merama has acquired in whole or in part and the method used, including projections, offers, memorandums of understanding,

contracts, payment forms and due diligence processes, to acquire said companies, including, but not limited to, Redlemon, Culotte, Bebesit and Kaltemp.

31. All Documents, including Communications internal to Merama or with any other Person, concerning Merama's general strategy of acquiring companies as part of its portfolio.

32. All Documents concerning Merama's organizational chart, corporate structure, and roles, including a list of its subsidiaries.

33. Documents sufficient to identify the place of incorporation and any Beneficial Owner of, and the corporate affiliation between or among, any of the following companies:

a. Merama Holdings

b. Merama Inc.

c. Merama Growth

d. Merama Operativa Chile Uno SpA

e. Merama Operativa Chile Dos SpA

f. Merama Operativa Chile Tres SpA

g. Merama Cuatrio Holding, LLC

h. Meramak Incorporated